**UNITED STATES of America,
Plaintiff,**

v.

**David H. KRUEGER, Defendant.**

**No. 03–CR–245.**

United States District Court,
E.D. Wisconsin.

June 24, 2004.

Lisa T. Warwick, Kelly B. Watzka, Milwaukee, WI, for Plaintiff.

Michael J. Fitzgerald, Milwaukee, WI, for Defendant.

## MEMORANDUM

ADELMAN, District Judge.

Defendant David Krueger, a lieutenant with the Kenosha, Wisconsin police department, was charged with mail fraud and making a false statement to the Department of Housing and Urban Development ("HUD"). The charges arose out of his alleged attempt to defraud HUD through his participation in the Officer Next Door Program ("ONDP"). The ONDP allows police officers to buy homes from HUD in economically depressed, high crime areas at a 50% discount on the condition that the officer live in the home for at least three years.

The government alleged that defendant bought an OND house but failed to live in it, instead using it as a rental property. Defendant admitted that he never lived in the property but argued that this failure resulted from a variety of changed family circumstances rather than from an intention to defraud HUD.

At trial, Stacy Orr, a cooperating government witness and former Kenosha police officer, testified that defendant told him that he (defendant) planned to buy the OND house and use it as a rental property. Orr testified that he stopped by the OND property shortly after defendant purchased it, and defendant stated that he was fixing it up to make it more attractive for tenants.

Defendant testified that at the time he bought the OND property he was planning to separate from his wife and move out of their home into the OND house. However, he indicate that his wife and children began experiencing health problems, causing him to have second thoughts about leaving home. Eventually, he decided to stay with the family. The government attempted to cast doubt on defendant's testimony, cross examining him with vari-

ous documents, including the loan application pertaining to the OND property, which indicated that both defendant and his wife intended to live in the OND property as a primary residence.

The defense then called former Kenosha police officer Rick Vanderstappen, who was to testify that prior to closing on the OND house defendant confided in him that he (defendant) was splitting up with his wife and was going to move into an OND house. The government objected on hearsay grounds. After hearing the arguments of counsel outside the presence of the jury, I decided to allow the testimony. I now explain more fully my rationale for doing so.

Federal Rule of Evidence 801(d) lists certain out of court statements that are not considered hearsay. For example, Rule 801(d)(1) provides that a prior statement by a witness is not hearsay, so long as:

> The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (B) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive, or (C) one of identification of a person made after perceiving the person[.]

Fed.R.Evid. 801(d)(1).

In the present case, the defense relied on Rule 801(d)(1)(B), arguing that defendant's statement to Vanderstappen was consistent with his trial testimony and was offered to rebut the government's charge that he had fabricated his claim that he initially intended to move into the OND house. I agreed that the Rule applied.

■ The proponent must satisfy four elements in order to obtain admission of a prior consistent statement. First, the declarant must testify at trial and be subject to cross examination. Second, the declarant must have been impeached by an express or implied charge of recent fabrication or improper influence or motive. Third, the proponent must offer a prior statement that is consistent with the declarant's challenged in court testimony. Fourth, the prior consistent statement must have been made prior to the time that the supposed motive to falsify arose. Joseph M. McLaughlin, Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 801.22[1][a] (2004); *see also United States v. Ruiz*, 249 F.3d 643, 647 (7th Cir.2001). The prior consistent statement may be admitted either through the declarant himself or through another person to whom the statement was made. *See United States v. Green*, 258 F.3d 683, 691–92 (7th Cir.2001).

■ Rule 801(d)(1)(B) applied here.

First, the declarant in this situation was the defendant. Defendant testified at the trial and referred to the statement to Vanderstappen on direct examination. The government had the opportunity to cross examine him on the statement and any other matters relevant to the charges.

Second, the government sought to impeach defendant and show that his trial testimony was a fabrication designed to cover up his fraud. Defendant testified that he planned to move into the OND house alone because he was separating from his wife. However, the government cross examined him with loan documents which indicated that defendant was not separated from his wife, that the family home was pending sale, and that he and his wife planned to use the OND house as a pri-

mary residence.[1] *See* McLaughlin et al., *supra*, § 801.22[1][b] ("[I]mpeachment may be in the form of an implied charge, such as relying on underlying facts or innuendo to demonstrate recent fabrication."). The government also cross examined defendant regarding his conversations with Orr. Defendant admitted discussing the OND house with Orr but denied telling Orr that he planned to use the house as rental property.

The entire purpose of the government's cross examination was to undermine defendant's credibility. Intent was the only issue in dispute at the trial, making the credibility of defendant's testimony that he did not mean to defraud HUD critical. The government sought to demonstrate that defendant's contention that he never intended to defraud HUD, instead changing his mind about moving into the OND house in order to stay with his family, was a fabrication designed to evade liability for his fraud. Thus, the opportunity for defendant to introduce a prior consistent statement to rebut that allegation arose. *See United States v. Anderson*, 303 F.3d 847, 859 (7th Cir.2002), *cert. denied*, 538 U.S. 938, 123 S.Ct. 1604, 155 L.Ed.2d 341 (2003) (holding that after witness is alleged to have fabricated testimony prior consistent statements made be introduced to refute the claim). The statement was not offered simply to bolster defendant's testimony but rather to rebut the government's argument that defendant did not intend to move into the house. According to the government, defendant intended to use the OND house as rental property from the start, and his trial testimony was a fabrication. *Cf. United States v. McCulley*, 178 F.3d 872, 876–77 (7th Cir.1999) (declining to admit prior statement where government did not contend defendant was fabricating). The statement to Vanderstappen tended to refute the government's contention.

Third, the prior statement—that defendant intended to split up with his wife and move into the OND house—was consistent with his trial testimony. Further, the statement was directly related to the crucial issue regarding which the government sought to impeach defendant.

Finally, the statement was made before defendant had a motive to fabricate. *See Tome v. United States*, 513 U.S. 150, 157–58, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995) (holding that prior consistent statement must be made before there was a motive to fabricate). There is no bright line rule as to when a motive to fabricate arises (e.g., on arrest, on indictment); rather, the issue must be considered on a case-by-case basis. *See, e.g., United States v. Prieto*, 232 F.3d 816, 820–21 (11th Cir.2000) (collecting cases). In the present case, the determination was easy. Defendant made the statement to Vanderstappen before he had even closed on the OND property. He had not been indicted, and HUD had not yet begun to investigate him. Thus, the statement was made before defendant had a reason to fabricate. Therefore, the fourth element was satisfied as well. *See United States v. Stoecker*, 215 F.3d 788, 791 (7th Cir.2000) (upholding admission of consistent statement made four years before witness was indicted and five years before plea agreement was reached).

In *United States v. Gonzalez*, 700 F.2d 196, 201–02 (5th Cir.1983), the court confronted a similar issue. The defendant in that case testified that he lacked the intent necessary to commit the offense. In response to the government's attack on his testimony, he sought to introduce prior consistent statements he made to his wife.

---

1. Defendant testified that the loan application was inaccurate when it stated that the family house was up for sale and that his wife planned to occupy the OND property.

The district court excluded the wife's testimony, but the appellate court, relying on Rule 801(d)(1)(B), held this was error. "Because the implication of the government's evidence necessarily was that Gonzalez had fabricated his defense of lack of criminal intent, Gonzalez should have been permitted to introduce evidence of his prior consistent statement to his wife." *Id.* at 202.[2]

Similarly, in the present case, defendant sought to introduce through a third party a prior consistent statement in support of his defense of lack of intent. Because defendant was subject to cross examination regarding the statement and all other requirements of the Rule were met, I allowed him to do so.[3]

---

2. Ultimately, the court found the error harmless. *Id.*

3. There was also an element of congruity in allowing defendant to introduce this evidence. The government presented (as an admission by a party opponent) defendant's out of court statement to Orr that he intended to rent the house. *See* Fed.R.Evid. Rule 802(d)(2). Defendant's statement to Vanderstappen that he intended to live in the house was made at about the same time as the statement to Orr and was admissible under Rule 801(d)(1)(B).